UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BLANCHARD,

        Plaintiff,

                                          Case No. 16-cv-10329
vs.                                       HON. GERSHWIN A. DRAIN

JOANNE ANDREOU, *et al.*,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [#4]

On February 16, 2016, this Court entered an Order Granting Plaintiff's Application to Proceed *In Forma Pauperis* and Dismissing Action. *See* Dkt. No. 3. The Court's Order concluded that it lacked jurisdiction over Plaintiff's claims under the domestic relations exception and the *Younger* abstention doctrine. The Court further held that Defendant McIntyre was entitled to judicial immunity.

Presently before the Court is Plaintiff's Motion for Reconsideration, filed on March 11, 2016. Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable

-1-

implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Plaintiff has failed to demonstrate a palpable defect the correction of which will result in a different disposition of this matter. This Court is without jurisdiction to hear this matter pursuant to the domestic relations exception and, even if the exception is inapplicable as Plaintiff argues, the *Younger* abstention doctrine precludes this Court from intervening with the proceedings in the Illinois state court. The proceedings are ongoing, which was alleged by Plaintiff in his Complaint, as well as evidenced by the outstanding show cause order served on Plaintiff concerning his failure to execute the assignment of his business assets to a trust for the benefit of his minor children, which was ordered by Judge McIntyre in July of last year. Moreover, Plaintiff has the ability to assert his claim that he is unable to execute the assignment

due to prison policy in the state court.  Lastly, Illinois has a strong interest in matters involving the support of minor children.  Exercise of jurisdiction over the instant action would "unduly interfere" with the legitimate activities of the state, thus *Younger* abstention is appropriate under the circumstances. *Juidice v. Vail*, 430 U.S. 327, 335-36 (1977).

Accordingly, Plaintiff has not demonstrated a palpable defect the correction of which will result in a different disposition of the case.  He is not entitled to the relief he requests.  Plaintiff's Motion for Reconsideration [#4] is DENIED.

SO ORDERED.

Dated:  March 21, 2016

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and upon John Blanchard, #44943424, at Milan Correctional Institution, P.O. Box 1000, Milan, MI 48160 by electronic and/or ordinary mail.

/s/ Tanya Bankston
Case Manager